UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

26-20449-CR-RUIZ/TORRES
CASE NO. ______________________

18 U.S.C. § 1349
18 U.S.C. § 982(a)(2)(A)

FILED BY JAO D.C.
Oct 20, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

v.

IAN GIVENS,

Defendant.
_____________________________________/

# INFORMATION

The United States Attorney charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1. Hotel 1 was a luxury hotel located in Grand Cayman, Cayman Islands.

2. Hotel 1 used a food servicing and supply company located in the Cayman Islands ("Island Supply Cayman") to fulfill food and supply orders for the operation of Hotel 1.

3. Island Supply Cayman had an affiliate located in Broward County, in the Southern District of Florida ("Island Supply Florida"), that fulfilled Hotel 1's food and supply orders.

4. **IAN GIVENS** was a resident of Palm Beach, Florida, and the vice president of Island Supply Florida who oversaw the company's operations.

5. Co-conspirator 1 was a resident of Grand Cayman, Cayman Islands and the purchasing director of Hotel 1.

6. Co-conspirator 2 was a resident of Grand Cayman, Cayman Islands and the sales manager of Island Supply Cayman.

**COUNT 1**
**Conspiracy to Commit Wire Fraud**
**(18 U.S.C. § 1349)**

1. The General Allegations section of this Information is re-alleged and incorporated by reference as though fully set forth herein.

2. From on or about January 1, 2020, through on or about May 1, 2025, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**IAN GIVENS,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with Co-conspirator 1, Co-conspirator 2, and with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

**OBJECT AND PURPOSE OF THE CONSPIRACY**

3. It was the object and purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things, (1) causing the creation of fake and fraudulent invoices sent to Hotel 1 for purported food and other supplies that were never supplied; (2) receiving payment on those false and fraudulent invoices into Island Supply Florida's bank account in the Southern District of Florida; and (3) using the proceeds from the scheme to

purchase goods and ship the goods to the Cayman Islands and distribute illicit proceeds from the scheme, all for the benefit of the defendant and other co-conspirators.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose and object of the conspiracy included, among other things, the following:

4. Co-conspirator 1 caused **IAN GIVENS** to establish an account with funds generated through false and fraudulent transactions by and between Hotel 1 and Island Supply Florida purportedly to enable Island Supply Florida to fulfill future orders exclusively for Hotel 1 (the "Slush Fund").

5. Co-conspirator 1 created false and fraudulent hotel purchase orders (typically under $20,000) that he sent to Co-Conspirator 2, who forwarded them to Island Supply Florida to generate corresponding false and fraudulent invoices.

6. **IAN GIVENS** caused the creation of approximately $10 million of false and fraudulent invoices that Island Supply Florida sent via e-mail from the Southern District of Florida to Hotel 1 in the Cayman Islands. Upon receipt of the invoices, Co-conspirator 1 falsely and fraudulently recorded the goods listed in the invoices as received at Hotel 1 even though the goods listed in the invoices were never provided and received.

7. As a result of the false and fraudulent invoices, **IAN GIVENS** and his co-conspirators caused Hotel 1 to make payments to Island Supply Florida generating approximately $10 million of transfers into the Slush Fund at Island Supply Florida.

8. Co-conspirator 1 sent requests to Co-conspirator 2 to purchase items with the Slush Fund, including some items not intended or used by Hotel 1, such as a large cell phone order totaling approximately $1 million.

9. From the $10 million in the Slush Fund, **IAN GIVENS** caused the shipment of approximately $9 million of goods to Grand Cayman leaving approximately $1 million in illicit proceeds received by **IAN GIVINS**.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **IAN GIVENS**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1349 (a conspiracy to commit a violation of Title 18, United States Code, Section 1343), as alleged in this Information, the defendant shall forfeit to the United States any property, constituting, or derived from, proceeds the person obtained directly or indirectly as result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY

KSENIYA SMYCHKOUSKAYA
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA** **CASE NO.:** 26-20449-CR-RUIZ/TORRES

**v.**

**IAN GIVENS,**

**Defendant.** /

## CERTIFICATE OF TRIAL ATTORNEY

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☑ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: __________
4. This case will take 0 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| (Check only one) | | (Check only one) |
|---|---|---|
| I ☑ 0 to 5 days | | ☐ Petty |
| II ☐ 6 to 10 days | | ☐ Minor |
| III ☐ 11 to 20 days | | ☐ Misdemeanor |
| IV ☐ 21 to 60 days | | ☑ Felony |
| V ☐ 61 days and over | | |

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge __________ Case No. __________
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge __________ Magistrate Case No. __________
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge __________ Case No. __________
9. Defendant(s) in federal custody as of __________
10. Defendant(s) in state custody as of __________
11. Rule 20 from the ______ District of __________
12. Is this a potential death penalty case? (Yes or No) No
13. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
14. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Brandy Brentari Galler during her tenure at the U.S. Attorney's Office, which concluded on July 31, 2026? No

By: __________
Kseniya Smychkouskaya
Assistant United States Attorney
Florida Bar No. 0112744

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** IAN GIVENS

**Case No:** 26-20449-CR-RUIZ/TORRES

Count #: 1

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

***Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**